IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM J. SKEPNEK and ) <br> STEVEN M. SMOOT, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ROPER & TWARDOWSKY, LLC and ) <br> ANGELA ROPER, ) <br> ) <br> Defendants. ) <br> _____) | CIVIL ACTION <br><br> No. 11-4102-KHV |

## MEMORANDUM AND ORDER

William J. Skepnek and Steven M. Smoot bring this diversity action against Roper & Twardowsky, LLC and Angela Roper alleging breach of contract, breach of fiduciary duty and quantum meruit claims which stem from an alleged attorneys' fee sharing agreement. See Complaint (Doc. #1) filed September 8, 2011. On December 30, 2011, defendants filed a Motion To Dismiss Or, In The Alternative, To Transfer Venue (Doc. #17) and Defendants' Motion For Leave To File Exhibits B Through G To Motion To Dismiss And Memorandum In Support Under Seal (Doc. #16). As to the latter, because of "concerns about confidential information protected by the attorney-client privilege" within the agreements, defendants seek leave to file under seal retainer agreements between Roper & Twardowsky and six of its clients. In support of their motion, defendants cite In re Grand Jury Subpoenas, 906 F.2d 1485, 1492 (10th Cir. 1990), for the proposition that disclosure of fee contracts has the potential to reveal confidential information. Fee contracts are not generally deemed privileged, however, id., and should be reviewed to determine whether they do in fact contain privileged communications. Id.

Defendants have not identified any purportedly privileged information in the agreements and the Court declines to undertake an effort to do so on their behalf.

Any motion to seal must establish that interests which favor non-disclosure outweigh the public interest in access to court documents.  See Nixon v. Warner Commc'ns Inc., 435 U.S. 589, 599, 98 S. Ct. 1306, 55 L. Ed.2d 570 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980).  The public has a fundamental interest in understanding disputes that are presented to a public forum for resolution.  Crystal Grower's Corp., 616 F.2d at 461.  In addition, the public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest.  Id.  To establish good cause, a moving party must submit particular and specific facts, and not merely "stereotyped and conclusory statements."  Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16, 101 S. Ct. 2193, 68 L. Ed.2d 693 (1981).  Defendants provide no persuasive argument or authority for their request that the documents be sealed.  Besides their general "concern about confidential information," defendants do not suggest why the information would be harmful to any party if disclosed.  Furthermore, they do not demonstrate that redaction would be insufficient to protect any legitimately-confidential information.  Instead, they base their request fully on the mere possibility that the fee agreements may contain information protected by the attorney-client privilege.  The Court therefore denies the motion to seal the documents.  See, e.g., Sibley v. Sprint Nextel Corp., 254 F.R.D. 662, 667 (D. Kan. 2008).

**IT IS THEREFORE ORDERED THAT** Defendants' Motion For Leave To File Exhibits B Through G To Motion To Dismiss And Memorandum In Support Under Seal (Doc. #16), filed December 30, 2011 be and hereby is **OVERRULED.**

Dated this 15th day of May, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
