IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM J. SKEPNEK and ) <br> STEVEN M. SMOOT, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ROPER & TWARDOWSKY, LLC and ) <br> ANGELA ROPER, ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL ACTION <br><br> No. 11-4102-KHV |

**MEMORANDUM AND ORDER**

William J. Skepnek and Steven M. Smoot bring this diversity action against Roper & Twardowsky, LLC and Angela Roper alleging breach of contract, breach of fiduciary duty and quantum meruit claims which stem from an alleged attorneys' fee sharing agreement. Complaint (Doc. #1) filed September 8, 2011.  On September 27, 2012, the Court overruled defendants' Motion To Dismiss Or, In The Alternative, To Transfer Venue (Doc. #17) filed December 30, 2011.  This matter is before the Court on Defendants' Motion To Reconsider The Court's Memorandum And Order Denying Defendants' Motion To Dismiss Or, In The Alternative, Transfer Venue (Doc. #42) filed October 11, 2012.  Defendants ask the Court to reconsider its order with respect to subject matter jurisdiction and transfer of venue, but not its decision regarding personal jurisdiction.  For the reasons statement below, the Court overrules defendants' motion.

D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders, while Federal Rules of Civil Procedure 59 and 60 govern motions to reconsider dispositive orders.  D. Kan. Rule 7.3; Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp., 748 F. Supp.2d 1261, 1264 n.3 (D. Kan. 2010) (citing Fye v. Okla. Corp. Com'n, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008)).  Here,

defendants ask the Court to reconsider an order which denied a motion to dismiss or, in the alternative, to transfer venue.  Plaintiffs argue that the order was "dispositive" because it ruled on a dispositive motion.  They cite no authority, however, that an order which denies a motion to dismiss or transfer venue, i.e. an order that does not dispose of any claims, may be considered "dispositive" for purposes of D. Kan. Rule 7.3.  Therefore, D. Kan. Rule 7.3(b), which governs motions to reconsider non-dispositive orders, provides the framework for analyzing defendants' motion.  See Faith Techs. v. Fidelity & Deposit Co. of Md., 10-2375-KHV, 2011 WL 3793970, at *1-2 (D. Kan. Aug. 25, 2011).[1]

Under D. Kan. Rule 7.3(b), a party seeking reconsideration of a non-dispositive order must file a motion within 14 days after the order is filed, unless the Court extends the time.  The motion must be based on (1) an intervening change in controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice.  D. Kan. Rule 7.3(b).  A motion to reconsider is only appropriate where the Court has obviously misapprehended a party's position, the facts or applicable law, or where the party produces new evidence that it could not have obtained earlier through the exercise of due diligence.  Comeau v. Rupp, 810 F. Supp. 1172, 1174-75 (D. Kan. 1992).  A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash

---

[1] Even if the order was dispositive under D. Kan. Rule 7.3, the same standard would apply.  Defendants' motion to reconsider does not fall under Rule 59, which governs altering or amending a final judgment, or Rule 60, which provides grounds for relief from final orders or judgments.  Both rules only apply to final orders and judgments that adjudicate all of the parties' remaining rights and liabilities.  Coffeyville Res. Ref. & Mktg., 748 F. Supp.2d at 1264 n.3 (citing Fye, 516 F.3d at 1223 n.2; Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003)).  Because the order was not a final judgment, defendants' motion for reconsideration is considered an interlocutory motion that invokes the Court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment; Rules 59 and 60, Fed. R. Civ. P., do not apply.  Fye, 516 F.3d at 1224 n.2 (quoting Wagoner v. Wagoner, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991)).  The Court reviews such interlocutory orders, however labeled, under the standard set forth in D. Kan. Rule 7.3(b).  Ferluga v. Eickhoff, 236 F.R.D. 546, 548-49 (D. Kan. 2006).

arguments or to dress up arguments that previously failed. Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994). A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider. Cline v. S. Star Cent. Gas Pipeline, Inc., 370 F. Supp.2d 1130, 1132 (D. Kan. 2005). Whether to grant a motion to reconsider is left to the Court's discretion.

Defendants' motion to reconsider asks the Court to correct clear error and prevent manifest injustice created by its order overruling defendants' motion to dismiss or in the alternative to transfer venue. It also contends that the Court misapprehended the facts, defendants' position and the controlling law. Upon reviewing defendants' original motion and the Court's order, however, defendants' motion to reconsider simply rehashes arguments the Court has already rejected in an effort to get a second chance to make their strongest case. The Court therefore overrules defendants' motion to reconsider.

**IT IS THEREFORE ORDERED** that Defendants' Motion To Reconsider The Court's Memorandum And Order Denying Defendants' Motion To Dismiss Or, In The Alternative, Transfer Venue (Doc. #42) filed October 11, 2012 be and hereby is **OVERRULED**.

Dated this 26th day of November, 2012 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge