UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM J. SKEPNEK and
STEVEN M. SMOOT,

    Plaintiffs,

v.                                            Case No. 11-4102-KHV

ROPER & TWARDOWSKY, LLC and
ANGELA ROPER,

    Defendants.

**ORDER**

The plaintiffs, William J. Skepnek and Steven M. Smoot, bring this diversity action against the defendants, Roper & Twardowsky, LLC, and Angela Roper, alleging breach of contract, breach of fiduciary duty, and quantum meruit claims which stem from an alleged attorney-fee sharing agreement. This matter comes before the court upon plaintiffs' motion to compel discovery **(doc. 114)** and defendants' cross-motion for a protective order **(doc. 124)**. Plaintiffs have responded to the show cause order[1] with respect to the timing of their motion to compel. The deadline to file a motion to compel is not tolled while the parties are engaged in efforts to resolve the discovery dispute without court intervention.[2] Rather, the common practice is for a party to request, prior to its expiration, an extension of its deadline to file a motion to compel with respect to

---

[1] Doc. 123.

[2] *Hock Foods, Inc. v. William Blair & Co., L.L.C.*, No. 09-2588, 2011 WL 884446, at \*3 (D. Kan. Mar. 11, 2011) (citations omitted).

any discovery dispute upon which the parties are still conferring.³ But in the interest of efficiency and for good cause shown, the court will not deny plaintiffs' motion on the ground that it is untimely, and the court will rule on the merits of plaintiffs' motion.

The subject of plaintiffs' motion is defendants' response to their Third Set of Requests for Production, specifically Nos. 6, 7, 10 and 11.⁴ Plaintiffs served their Third Set of Requests for Production on February 8, 2013. Defendants served their responses on March 11, 2013. Later, plaintiffs spent two days at defendants' offices in New Jersey physically inspecting documents.

During the on-site document review, plaintiffs asked defendants to produce an electronic file containing e-mails from defendants' server to capture all of the e-mails plaintiffs requested in their third set of production requests. Defendants agreed to perform an additional search. The results of the search were largely duplicative of previously produced discovery. Additionally, plaintiffs asserted that the documents did

---

³ *Id.* (citations omitted).

⁴ Request for Production No. 6 asks defendants to produce "All communications with Arthur Talbot, Michael Larkin, Lawrence Lederman, Philip Shapiro, Thomas O'Donnell, Shubert Jacques, and/or Henry Bell." Request for Production No. 7 asks for "All communications with any persons who signed attorney, engagement, representation, and fee contracts containing the names of William J. Skepnek and/or Steven M. Smoot." Request for Production No. 10 asks defendants to produce "All communications between Angela Roper, Kenneth Thyne and anyone else associated with Roper & Twardowsky, LLC, and Steven Snyder and anyone else associated with the Law Offices of Snyder & Snyder." Request for Production No. 11 asks for "All communications and documents concerning associating or bringing in Steven Snyder as attorney for any persons who had sued Prudential Insurance Company of America and/or Leeds, Morelli & Brown over the manner in which their claims against Prudential were settled by Leeds, Morelli & Brown."

not include the vast majority of e-mails requested between defendants and third parties. Defendants asked that plaintiffs provide a list of search terms that could be used to search their server to capture the responsive e-mails. In response, plaintiffs provided a list of nineteen individuals/e-mails addresses that defendants could use to perform the search. Defendants replied that the terms were overbroad and a search with those terms would produce irrelevant and unresponsive documents. Nonetheless, defendants offered to perform the search if plaintiffs would pay for the time involved. Defendants estimated that it would cost $37,800 to perform the search, a majority of which would be spent on attorney time reviewing the selected documents. Plaintiffs refused to pay for the search but offered to narrow the list of search terms to fifteen names. Defendants did not respond. Accordingly, plaintiffs filed the instant motion.

At issue is the adequacy of defendants' responses to Requests for Production Nos. 6, 7, 10 and 11. Specifically, plaintiffs seek two categories of documents: 1) all "internal" electronic communications among defendants or representatives of defendants that pertain to the topics in the specified requests for production; and 2) all electronic communications between Angela Roper, Kenneth Thyne, or anyone else associated with Roper & Twardowsky, LLC and the following fifteen people:

- Steven Snyder;
- Henry Bell;
- Shubert Jacques;
- Larry Lederman;
- Thomas O'Donnell;
- Phil Shapiro;
- Arthur Talbot;
- Lester Brickman;

- William Gold;
- Janice DiGennaro;
- Judge Koprowski;
- Michael Larkin;
- Judge Lombardy;
- Greg Reilly; and
- Judge Winard.

Plaintiffs appear to request that the court order defendants to perform an e-mail server search using the fifteen proposed search terms and produce the results of the search in order to adequately respond to their third set of production requests.

Defendants contend an additional search using the proposed search terms is overly burdensome, unnecessary, and unlikely to lead to relevant evidence. Defendants ask that the court deny plaintiffs' motion to compel and adopt their proposed list of search terms. Alternatively, if plaintiffs' motion is granted, defendants ask that the court order plaintiffs to pay for the costs associated with the search.

**I.    Duty to Confer.**

First, defendants argue that plaintiffs' motion should be denied for failure to meet and confer. A motion under Fed. R. Civ. P. 37 must include certification that the movant has in good faith conferred or attempted to confer with the party failing to make the disclosure.[5] Here, plaintiffs have described in detail the efforts made by both parties to resolve the discovery dispute without court intervention. Based on the record, the court finds that plaintiffs' efforts clearly satisfy the procedural conference requirement.

**II.    Objections.**

---

[5] D. Kan. R. 37.2.

Defendants mistakenly argue that "Plaintiffs have the burden to show that these requests are not objectionable."[6] When a party files a motion to compel and asks the court to overrule objections, the *objecting party* must specifically show in its response to the motion how each discovery request is objectionable.[7] Objections initially raised but not supported in response to the motion to compel are deemed abandoned.[8] However, if the discovery requests appear facially objectionable in that they are overly broad or seek information that does not appear relevant, the burden is on the movant to demonstrate how the requests are not objectionable.[9]

### A. Relevancy Objections.

Plaintiffs ask the court to order defendants to perform an e-mail server search using their proposed search terms in order to adequately respond to their requests for production. Defendants assert that the searches requested by plaintiffs have no relevance to their claims or defenses.

Under Fed. R. Civ. P. 26(b)(1), discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense." Relevancy is broadly construed for pretrial discovery purposes. "A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the

---

[6] Doc. 119 at 12.

[7] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).

[8] *In re Bank of Amer. Wage & Emp't Practices Litig.*, 275 F.R.D. 534, 538 (D. Kan. 2011).

[9] *Id.*

discovery of admissible evidence."[10] At least as a general proposition then, "[a] request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of that party."[11]

> When the discovery sought appears relevant, the party resisting discovery has the burden to establish lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[12]

The e-mail communications in dispute appear to be relevant. Plaintiffs assert that e-mails between Angela Roper, Kenneth Thyne or anyone else associated with Roper & Twardowsky, LLC and fifteen individuals involved in the Prudential lawsuit will be instructive to show: 1) the nature of a secret agreement that defendants entered into to exclude plaintiffs from the Prudential litigation; and 2) additional evidence that defendants deceived plaintiffs regarding the status of the court proceedings in the Prudential litigation.

This case stems from an attorney fee-sharing agreement involving the Prudential litigation. Plaintiffs allege they entered into a contract with defendants to jointly handle the litigation and to divide legal fees received from the litigation on a 50/50 basis.

---

[10] *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996).

[11] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001) (internal quotations and citations omitted).

[12] *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003) (citations omitted).

Defendants assert plaintiffs "abandoned" them and their clients.[13] Defendants' response includes affidavits from former clients that detail this alleged abandonment.[14]

Plaintiffs wish to gather evidence to show defendants purposely excluded plaintiffs and limited their participation in the litigation. The client affidavits further illustrate that this evidence is relevant to counter defendants' claims that they abandoned the litigation. Plaintiffs assert that e-mails from defendants to other co-counsel, clients, or judges involved in the Prudential litigation will document the breadth of the case, which will contradict the e-mails that defendants sent to plaintiffs claiming that nothing was happening in the case. Based on the foregoing, plaintiffs have shown that the discovery sought may have bearing on their claims or defenses.

Because the discovery sought appears relevant on its face, it is defendants' burden to establish lack of relevance. Defendants fail to meet their burden. Defendants argue the information is irrelevant and outside the scope of any document request served by plaintiffs. Essentially, defendants argue that plaintiffs have failed to meet their burden to show a search of the proposed terms will lead to relevant evidence. However, discovery should be allowed unless "it is clear that the information sought can have no possible bearing on the claim or defense of that party." As established above, plaintiffs have shown that the requested discovery is relevant on its face. Defendants did not meet their burden to show that the requested discovery is irrelevant or is of such marginal relevance that the potential harm outweighs the ordinary presumption in favor of broad disclosure.

---

[13] Doc. 104 at 4, 11.

[14] *See* Doc. 124, Exhs. I and J.

Accordingly, defendants' request to deny plaintiffs' motion on the basis of relevancy is denied.

B.  **Overbroad Objections.**

Defendants argue the searches requested by plaintiffs are overbroad. Defendants assert that just "because a search term may have an attenuated connection to the Prudential litigation, for example, the name of opposing counsel or a Judge, does not mean that Plaintiffs are entitled to provide all e-mail search results relative to this term." Plaintiffs respond that each of the individuals listed as search terms are involved in the Prudential lawsuit and to their knowledge, the only connection between these individuals and defendants is the Prudential lawsuit. Defendants fail to state otherwise.

As the party making this objection, defendants have the burden to support it.[15] Defendants performed a manual search and an automated e-mail search using keywords, including "Skepnek" and/or "Smoot," but the majority of the search results were documents previously produced. Plaintiffs assert that most of the results were e-mails either to or from one or both of the plaintiffs but not between defendants and third-parties, as they requested. Defendants previous searches were obviously too narrow. Defendants argue the proposed search terms are overbroad but fail to explain why their previous searches failed to produce the documents requested. Additionally, defendants already agreed to perform the searches despite their alleged overbreadth so long as plaintiffs pay for the search.

---

[15] *A.H. ex rel. Hohe v. Knowledge Learning Corp.*, No. 09-2517, 2010 WL 4117508, at *6 (D. Kan. Oct. 19, 2010).

Defendants provide no additional evidence to support their assertion and fail to meet their burden. Therefore, defendants' overly broad objection is overruled. The only remaining issue is whether the proposed search would be unduly burdensome.

### C. Unduly Burdensome Objections.

Defendants object to plaintiffs' request as unduly burdensome. As the parties objecting to discovery, defendants have the burden to show facts justifying their objections by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.[16] This imposes an obligation on defendants "to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure" required to respond to the requested discovery.[17] The court will then balance the burden on the interrogated party against the benefit to the discovery party of having the information.[18]

A party asserting undue burden may not rest on its assertion, but must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.[19] Defendants estimate that the cost to perform the requested search and provide the results would be $37,800. A majority of the estimate is defense attorney

---

[16] *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002) (citing *Snowden v. Connaught Labs., Inc.*, 137 F.R.D. 325, 332 (D. Kan. 1991)).

[17] *Id.*

[18] *McBride v. Medicalodges, Inc.*, Nos. 06-2535, 06-2536, 06-2538, 2008 WL 1958350, at *4 (D. Kan. May 2, 2008).

[19] *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004) (citations omitted).

time reviewing the selected documents. For example, defendants assert that a search of "Janice DeGennaro" alone would require ten hours of staff time and ten hours of attorney time to perform. Defendants have provided only conclusory allegations and have not offered any detailed explanation, affidavit or other evidence demonstrating that they will suffer undue burden and expense complying with plaintiffs' discovery request. The "Certification of Erica A. Barker," attached as Exhibit 1 to defendants' response, along with the attached e-mails labeled Exhibits E and G, clearly do not constitute an adequate showing of the anticipated cost of production or enough hard evidence to warrant deviating from the general rule that the producing party bears the cost of production. Therefore, defendants' objection on this ground is overruled.

**III. Protective Order.**

The decision to enter a protective order is within the court's discretion.[20] Rule 26(c) of the Federal Rules of Civil Procedure provides that upon a showing of good cause, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to demonstrate good cause.[21] To establish good cause, that party must submit "a particular and specific demonstration of fact, as distinguished from stereo-typed and conclusory statements."[22]

---

[20] *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000) (citing *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995)).

[21] *Id.* (citing *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996).

To show good cause, defendants have raised certain objections against the discovery. They have not, however, substantiated their objections that the requested discovery is irrelevant, overly broad, or unduly burdensome and the court has overruled these objections. In its cross-motion for a protective order, defendants provide no additional information to convince the court otherwise. Nor have defendants sufficiently explained why a search using their proposed terms would provide the responsive information plaintiffs seek or be any less burdensome.

The general rule is that a party should bear the costs of producing discovery.[23] In light of the above-findings, the court does not find that plaintiffs' discovery requests are appropriate for shifting the cost of discovery to plaintiffs. Defendants have failed to meet their burden to show good cause for the entry of a protective order. Accordingly, defendants' cross-motion for a protective order is denied.

In consideration of the foregoing,

IT IS THEREFORE ORDERED that plaintiffs' motion to compel (**doc. 114**) is granted. In light of the approaching December 6, 2013 discovery deadline, defendants shall produce all internal communications among defendants or representatives of defendants that pertain to Requests for Production Nos. 6, 7, 10 and 11 by **October 18, 2013**. Additionally, defendants shall provide all electronic communications between Angela Roper, Kenneth Thyne or anyone else associated with Roper & Twardowsky,

---

[22] *Burnett v. Western Resources, Inc.*, No. 95-2145, 1996 WL 134830, at *2 (D. Kan. Mar. 21, 1996) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981)).

[23] *Hudson v. AIH Receivable Mgmt. Services*, No. 10-2287, 2011 WL 1202224, at *1 (D. Kan. Apr. 13, 2011).

LLC and the fifteen individuals listed by defendants in their motion by **October 18, 2013.**

IT IS FURTHER ORDERED that defendants' cross-motion for a protective order **(doc. 124)** is denied.  Defendants shall conduct an e-mail server search using the list of terms provided by plaintiffs, produce the results, and bear the costs of conducting the search.

The parties shall bear their own expenses and attorney fees incurred in connection with both motions.

IT IS SO ORDERED.

Dated October 3, 2013 at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge