UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM J. SKEPNEK and
STEVEN M. SMOOT,

   Plaintiffs,

v.              Case No. 11-4102-KHV

ROPER & TWARDOWSKY, LLC and
ANGELA ROPER,

   Defendants.

**ORDER**

The plaintiffs, William J. Skepnek and Steven M. Smoot, bring this diversity action against the defendants, Roper & Twardowsky, LLC, and Angela Roper, alleging among other things that defendants breached a contract regarding legal fees stemming from litigation in New Jersey. This matter comes before the court upon plaintiffs' motion to enforce the court's order of October 3, 2013 **(doc. 132)**. For the reasons discussed below, plaintiffs' motion is granted.

**I. Background**

The court's October 3, 2013 order (doc. 129) contains a detailed recitation of the case's relevant procedural background and facts underlying the case, and therefore the court does not repeat them here. Suffice it to say the court granted plaintiffs' motion to compel, denied defendants' motion for a protective order, and ordered defendants to produce responsive information to Requests for Production Nos. 6, 7, 10, and 11. Specifically, defendants were ordered to provide "all electronic communications between

Angela Roper, Kenneth Thyne or anyone else associated with Roper & Twardowsky, LLC and the fifteen individuals listed by defendants in their motion to compel." Defendants were ordered to produce this information by October 18, 2013.

On October 15, 2013, defense counsel Erica Barker, requested a two-week extension to produce the documents. Plaintiffs' counsel agreed and gave defendants an extension until November 1, 2013. On October 30, 2013, Ms. Barker requested a second extension, until November 5, 2013, and promised to ship a disc of the documents via overnight delivery. On November 4, 2013, Ms. Barker e-mailed plaintiffs' counsel a "Dropbox link" which contained some but not all of the documents defendants planned to produce.[1] Ms. Barker stated that "due to the ongoing limitations related to Ms. Roper's health, the document production is not yet complete and should be finished by tomorrow afternoon…."[2] Notably, in the same e-mail, Ms. Barker stated that "Defendants are withholding as attorney client privilege all private email communications between Angela Roper and Ken Thyne and the clients."[3]

Plaintiffs argue that defendants' repeated challenge of the privilege issue despite the court's previous rulings in plaintiffs' favor on this issue is "flaunting the Court's order and dragging the discovery of this case to a standstill." Therefore, plaintiffs ask that the court "address under Rule 37(b) Defendants' failure to produce the documents as

---

[1] Doc. 132-2.

[2] *Id.*

[3] *Id.*

instructed in the Court's order of October 3, 2013; and … consider other appropriate relief as it deems just and proper."[4]

Defendants assert that the court's order does not address the issue of privilege and the court never ordered production of *privileged* documents. Defendants assert that they have complied with the court's order and therefore plaintiffs' motion should be denied. However, defendants state that if they "somehow misread your Honor's October 3, 2013 order as compelling the production of privileged documents, then defendants request a hearing on the issue."[5]

## II. Discussion

On September 6, 2013, plaintiffs filed a motion to compel to make defendants provide meaningful and adequate responses to plaintiffs' Third Set of Production Requests.[6] Specifically, at issue was the adequacy of defendants' responses to Requests for Production Nos. 6, 7, 10, and 11. In their original responses, defendants had objected to these requests as seeking attorney-client privileged communications, among other reasons.[7] Significantly, however, in response to plaintiffs' motion to compel, defendants argued that plaintiffs' motion should be denied for failure to meet and confer and only objected to the requests as unduly burdensome, overly broad, and irrelevant. Defendants did <u>not</u> specifically address their previous assertion of the attorney-client privilege in

---

[4] Doc. 132.

[5] Doc. 134.

[6] Doc. 115 at 1.

[7] *See* doc. 119 at 12.

response to these requests. Rather, defendants asserted that plaintiffs have already been "given access to confidential, privileged, attorney work-product, attorney privilege documents" and stated that two of its clients have submitted affidavits stating that they do not consent to the disclosure of all email communications they had with their attorneys at Roper & Twardowsky.[8]

The duty to raise the issue of privilege in response to plaintiffs' motion to compel rested with defendants, not plaintiffs. If defendants intended to rely upon objections of privilege, defendants had the burden to assert those objections and support them in opposing the motion to compel. Their failure precludes them from now relying upon the objections. They abandoned them.[9]

Even were the court to indulge defendants and construe the reference to two client affidavits in response to plaintiffs' motion to compel as a reassertion of the attorney-client privilege, defendants failed to meet their burden to support that privilege originally *and* in response to plaintiffs' motion to compel. As the party asserting attorney-client privilege, defendants bear the burden of establishing that it applies.[10] To carry that burden, defendants had to make a "clear showing" that the asserted objection applies, "describe in detail the documents or information to be protected, and provide precise

---

[8] Doc. 119 at 10, 13.

[9] *See Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004); *see also Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 661 (D. Kan. 1999).

[10] *Kannaday v. Ball*, No. 12-2742, 2013 WL 1367055, at *2 (D. Kan. Apr. 3, 2013) (citations omitted).

reasons for the objection to discovery."[11] The detailed and specific showing required under Fed. R. Civ. P. 26(b)(5) is typically presented in the form of a privilege log.[12] A privilege log under District of Kansas precedent should include the following:

1. A description of the document explaining whether the document is a memorandum, letter, e-mail, etc.;

2. The date upon which the document was prepared;

3. The date of the document;

4. The identity of the person(s) who prepared the document;

5. The identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, including an evidentiary showing based on competent evidence supporting any assertion that the document was created under the supervision of an attorney;

6. The purpose of preparing the document, including an evidentiary showing, based on competent evidence, supporting any assertion that the document was prepared in the course of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent; a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; and a showing, again based on competent evidence, that the documents do not contain or incorporate non-privileged underlying facts;

7. The number of pages of the document;

8. The party's basis for withholding discovery of the document (i.e., the specific privilege or protection being asserted); and

9. Any other pertinent information necessary to establish the elements of each asserted privilege.[13]

---

[11] *Id.* (citing *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Midland Bancor, Inc.*, 159 F.R.D. 562, 567 (D. Kan. 1994)).

[12] *Id.* at *3 (citing *Sprint Commc'ns Co. v. Vonage Holdings Corp.*, No. 05-2433, 2007 WL 1347754, at *2 (D. Kan. May 8, 2007)).

Defendants have made no showing that they provided a privilege log when they originally withheld the information from discovery. They have made no showing that they submitted a privilege log to the court in response to the underlying motion to compel. Defendants did not even attach a privilege log in response to the present motion to enforce but only informed the court that they planned to submit one to plaintiffs.

Plaintiffs did attach defendants' recently submitted privilege log as an exhibit to the former's reply brief.[14] This privilege log was provided to plaintiffs *after* the court's ruling on the underlying motion to compel and *after* responding to the instant motion to enforce. Defendants had the duty to timely provide the information required by Rule 26(b)(5) and they failed to do so. The court finds that any claim of privilege defendants may have asserted has been waived.

Not only is this privilege log untimely but it is wholly inadequate. The privilege log only contains the client name, the date of the e-mail, and the size of the e-mail. Defendants must "provide sufficient information to enable the court to determine whether each element of the asserted objection is satisfied."[15] A party's failure to meet this burden when the trial court is asked to rule upon the existence of the privilege/work

---

[13] *Id.* (citing *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 562, 673 (D. Kan. 2005)).

[14] *See* doc. 135-1.

[15] *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000) (citing *Jones v. Boeing Co.*, 163 F.R.D. 15, 17 (D. Kan. 1995)).

product immunity is not excused because the document is later shown to be one that would have been privileged if a timely showing had been made.[16]

Defendants also submitted an affidavit of Angela Roper, which explains that the withheld e-mails are "personal in nature, contain medical and/or tax information, include matters which are legal in nature but completely unrelated to the pending matter, and include personal communications between myself and these individuals, all of which are not related to the pending litigation in any way."[17]  Defendants appear to be arguing that the information is irrelevant, not privileged.  Defendants provide no other evidence or information to support their untimely assertion of the attorney-client privilege.  This "evidence" is not only inadequate to support defendants' assertion of the attorney-client privilege but it actually suggests many of the communications are *not* privileged.  Not every communication between an attorney and client is privileged; only confidential communications made for the purpose of seeking or giving legal advice are protected.[18]  Here, defendants fail to show that the purpose of the allegedly protected communications was to give or seek legal advice.

As stated in *Haid v. Wal-Mart Stores, Inc.*, "the question whether materials are privileged is for the court, not the defendant … to decide, and the court has the right to

---

[16] *Id.* (citing *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984)).

[17] Doc. 134-3.

[18] *Kannady*, 2013 WL 1367055, at *5 (citations omitted).

insist on being presented with sufficient information to make that decision."[19] The court finds that defendants have failed to meet their burden to show that these documents are privileged attorney-client communications at every phase of this litigation.

Therefore, plaintiffs' motion to enforce the court's October 3, 2013 order is granted. Defendants shall produce *all* responsive documents in accordance with the court's October 3, 2013 order regardless of "privilege" by November 25, 2013. Accordingly, defendants' request for a hearing is denied.

### III. Sanctions

Defendants have engaged in sanctionable conduct. They have failed to comply with the order of the court. Defendants asserted the attorney-client privilege in their responses to plaintiffs' Third Set of Production Requests Nos. 6, 7, 10, and 11 but failed to do so in response to plaintiffs' motion to compel. When ruling upon a motion to compel, the court considers those objections which have been timely asserted and relied upon in response to the motion. It generally deems objections initially raised but not relied upon in response to the motion as abandoned. The court considered and ruled upon all objections upon which defendants relied. It overruled them. The waiver or abandonment of objections precludes their later assertion in a supplemental response. Defendants should have supplemented their responses without objections. By including objections in their supplemental responses, they violated the implicit order of the court.

---

[19] *Id.* at *4 (citing *In re TJX Cos., Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, No. 07-1853, 2008 WL 2437558, at *4 (D. Kan. June 12, 2008) (quoting *Haid v. Wal-Mart Stores, Inc.*, No. 99-4186, 2001 WL 964102, at *1 (D. Kan. June 25, 2001)).

This is not the first time the court has addressed defendants' assertion of the attorney-client privilege. Defendants previously requested a protective order prohibiting the discovery of "correspondence between clients and counsel and correspondence between clients and co-counsel that substantively discusses the issues in the underlying case."[20] The court denied defendants' motion and explained that defendants never submitted or even created a privilege log for the documents they did not want to produce as required by Rule 26(b)(5).[21] The same is true now, the "minimal description provided by defendants … falls short of carrying this burden of establishing that any privilege exists as to any documents in particular."[22]

The court also addressed defendants' attempt to withhold documents based on the attorney-client privilege in its May 3, 2013 protective order.[23] In that order, the court denied defendants' request to completely withhold their client records from discovery. The court stated that it "appreciates defendants' concern for the attorney-client privilege rights afforded their clients, but the unique circumstances of this case make disclosure of the records necessary, albeit subject to heightened protection."[24] However, the court entered a protective order with a clawback provision because the parties were required to produce documents that contain information covered by the attorney-client privilege and

---

[20] Doc. 28 at 4.

[21] *Id.* at 5.

[22] *Id.*

[23] *See* doc. 102.

[24] *Id.*

"in order to permit discovery to proceed without delay and avoid possible disputes regarding the privileged or protected nature of such information."[25]

In consideration of the foregoing, plaintiffs have asked for relief pursuant to Rule 37(b), which governs sanctions for failure to comply with an order of the court to provide or permit discovery. The court should diligently apply sanctions under Rule 37 both to penalize those who have engaged in sanctionable misconduct and to deter those who might be tempted to such conduct in the absence of such a deterrent.[26] The district court is afforded wide discretion in choosing an appropriate sanction.[27]

Defendants have disregarded the court's October 3, 2013 order. Defendants' actions completely ignore the court's rationale for entering the May 3, 2013 protective order (doc. 102) and the court's previous discussion of the attorney-client privilege in its February 24, 2012 order (doc. 28). Defendants have caused unnecessary delay and increased expenses. Such delays disrupt the judicial process. Although defendants argue that they were substantially justified in asserting the privilege because the court's order does not contain the word *privilege*, the court disagrees. Given the history of this case and defendants' purported reasoning for withholding documents, the court finds that a monetary sanction is appropriate. Defendants shall monetarily compensate plaintiffs for

---

[25] *Id.*

[26] *Starlight Intern. Inc. v. Herlihy*, 186 F.R.D. 626, 647 (D. Kan. 1999) (citing *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1555 (10th Cir. 1996)).

[27] *Cardenas v. Dorel Juvenile Group, Inc.*, No. 04-2478, 2006 WL 1537394, at *5 (D. Kan. June 1, 2006) (citing *Proctor & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005)).

costs and expenses, including attorneys' fees, incurred in connection with the filing of the instant motion to enforce by **December 2, 2013.**

The parties are strongly encouraged to confer and reach agreement on the amount of attorney's fees defendants will pay to plaintiffs in connection with this dispute. In the hopefully unlikely event the parties cannot reach an agreement, by **December 2, 2013**, plaintiffs shall file an accounting of the costs and legal fees (including supporting documentation, such as attorney time sheets) they sustained in regard to filing and briefing the motion to enforce. Thereafter, defendants may, if they believe it necessary, file a response to plaintiffs' filing by **December 6, 2013**; this response, in addition to addressing the amount of the fee award, shall address whether the award should be against defense counsel now of record, or defendants, or both.

In addition to the sanctions imposed herein, defendants and their counsel are specifically warned that further noncompliance with orders of the court or discovery obligations may result in harsher sanctions, including striking defenses and default judgment.

IT IS THEREFORE ORDERED:

1. Plaintiffs' motion to enforce the court's October 3, 2013 order (**doc. 132**) is granted. Defendants shall produce all responsive documents by **November 25, 2013.** In light of the foregoing, defendants' request for a hearing is denied.

2. Defendants shall monetarily compensate plaintiffs for costs and expenses, including attorneys' fees, incurred in connection with the filing of the instant motion to

enforce.  A receipt or certificate of payment shall be filed with this court by **December 2, 2013.**

IT IS SO ORDERED.

Dated November 18, 2013 at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge
