UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM J. SKEPNEK and
STEVEN M. SMOOT,

    Plaintiffs,

v.                                                      Case No. 11-4102-KHV

ROPER & TWARDOWSKY, LLC and
ANGELA ROPER,

    Defendants.

## **ORDER**

Before the court are the motions of defendants, Angela Roper & Roper & Twardowsky, LLC, asking the court to reconsider its November 18, 2013 order[1] **(ECF doc. 146)** and to partially stay that order pending its reconsideration **(ECF doc. 148)**. For the reasons stated below, defendants' motions are denied.

**I.    Background**

This dispute stems from defendants' responses to plaintiffs' Third Set of Requests for Production Nos. 6, 7, 10, and 11. Initially, defendants objected to these requests as seeking attorney-client privileged communications. Plaintiffs then filed a motion to compel, challenging the adequacy of defendants' responses to these requests.[2] Defendants responded to the motion by arguing the requests were irrelevant, overly

---

[1] ECF doc. 139.

[2] ECF doc. 114.

broad, and unduly burdensome.[3] In their response, defendants also mistakenly argued that "Plaintiffs have the burden to show that these requests are not objectionable."[4] Defendants did not object to the requests as privileged nor did they support their previous assertion of the attorney-client privilege. However, defendants briefly referenced and attached two client affidavits, which state that two of defendants' clients do not consent to the release of their e-mails.[5]

On October 3, 2013, the court entered an order granting plaintiffs' motion to compel, denying defendants' cross-motion for a protective order, and overruling defendants' objections as unsubstantiated.[6] Specifically, defendants were ordered to provide "all electronic communications between Angela Roper, Kenneth Thyne or anyone else associated with Roper & Twardowsky, LLC and the fifteen individuals listed by defendants in their motion to compel" by October 18, 2013. After several e-mail exchanges between the parties' counsel, defense counsel stated in a November 4, 2013 e-mail that "Defendants are withholding as attorney client privilege all private email communications between Angela Roper and Ken Thyne and the clients."[7]

---

[3] ECF doc. 119.

[4] *Id.* at 12.

[5] ECF doc. 124-1 at 31, 36.

[6] ECF doc. 129.

[7] ECF doc. 132-2.

On November 5, 2013, plaintiffs filed a motion to enforce the court's order of October 3, 2013.[8] Plaintiffs argued that defendants' repeated challenge of the privilege issue despite the court's previous rulings in plaintiffs' favor on this issue is "flaunting the Court's order and dragging the discovery of this case to a standstill."[9] Defendants responded that they had complied with the court's order since the order did not address the issue of privilege and stated that if they "somehow misread your Honor's October 3, 2013 order as compelling the production of privileged documents, then defendants request a hearing on the issue."[10]

On November 18, 2013, the court granted plaintiffs' motion to enforce, ordered defendants to produce all responsive documents by November 25, 2013, and instructed defendants to compensate plaintiffs for costs and expenses incurred in connection with filing the motion to enforce.[11] The same day the responsive documents were due, defendants filed the instant motions for reconsideration and to stay all deadlines pending reconsideration, asking that the court set aside the portions of the order holding defendants waived their attorney-client privilege objections to Requests for Production Nos. 6, 7, 10, and 11.

Motions for reconsideration of non-dispositive orders must be based on: "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the

---

[8] ECF doc. 132.

[9] *Id.* at 3.

[10] ECF doc. 134.

[11] ECF doc. 139.

need to correct clear error or prevent manifest injustice."[12]  The decision whether to grant or deny a motion for reconsideration is committed to the court's discretion.[13]

A motion for reconsideration is appropriate if the court "has obviously misapprehended a party's position on the facts or the law."[14]  However, a motion to reconsider should not be used to "rehash previously rejected arguments or to offer new legal theories or facts."[15]  Such a motion "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[16]  In addition, "such motions are not appropriate if the movant asks the Court to hear new arguments or consider supporting facts that could have been presented originally."[17]

## II. Analysis

First, defendants argue that it "was an abuse of discretion to determine the privilege was waived in the absence of bad faith or intentional wrongdoing."[18]  As stated

---

[12] D. Kan. Rule 7.3.

[13] *Wright ex rel. Trust Co. of Kan. v. Abbott Lab.'s, Inc.*, 259 F.3d 1226, 1235-36 (10th Cir. 2001).

[14] *Hammond v. City of Junction City, Kan.*, 168 F. Supp. 2d 1241, 1244 (D. Kan. 2001) (quoting *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998)).

[15] *Theno v. Tonganoxie Unified Sch. Dist. No. 464*, 377 F. Supp. 2d 952, 976 (D. Kan. 2005) (quoting *Demster v. City of Lenexa, Kan.*, 359 F. Supp. 2d 1182, 1184 (D. Kan. 2005)).

[16] *Id.* (citing *Voekel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994)).

[17] *Hammond*, 168 F. Supp. 2d at 1244 (citing *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996)).

before, the decision whether to grant or deny a motion for reconsideration is committed to the court's discretion.[19] The applicable standard is outlined in more detail above. The *appellate* court reviews orders relating to discovery for an abuse of discretion.[20]

Defendants' motion for reconsideration appears to be based on the supposed need to correct clear error or prevent manifest injustice. But defendants fail to bring anything new to the table. For example, defendants cite to a District of Kansas case, *Starlight Int'l Inc. v. Herlihy*,[21] to argue courts generally refuse to waive the attorney-client privilege in the absence of bad faith or intentional wrongdoing.[22] However, defendant cites to the portion of *Starlight Int'l Inc. v. Herlihy*, that deals with unintentional waiver of the privilege *against self-incrimination*—a Constitutional privilege that requires more than mistake of counsel to enforce waiver.[23] Notably, in the context of the attorney-client privilege, that court held that defendants waived their objections by failing to timely assert them in the absence of good cause.[24]

Although defendants reference one case where the court declined to find waiver in the absence of bad faith, that court recognized that it "*could* find waiver and grant

---

[18] ECF doc. 147 at 5.

[19] *Wright ex rel. Trust Co. of Kan.*, 259 F.3d at 1235-36.

[20] *Johnson by Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992).

[21] 181 F.R.D. 494, 498 (D. Kan. 1998) ("Although the excuses proffered demonstrate no good cause for the delay, they also reveal no intentional wrongdoing.").

[22] ECF doc. 147 at 5.

[23] 181 F.R.D. at 498.

[24] *Id.* at 497.

Plaintiff's Motion to Compel as it applies to the claimed privileged/protected documents."[25] Defendants cite another case where the court declined to find waiver of the attorney-client privilege; however, that court held that its facts were distinguishable from other cases finding waiver because the defendants' privilege log was provided *before* the instant motion to compel was filed and thus before the court was asked to rule on the issue of privilege.[26] In addition, defendants cite to a non-controlling case from the Third Circuit, which states in dictum that waiver of the attorney-client privilege should be reserved only where the court finds bad faith, willfulness, or fault.[27] Defendants' motion sets forth no controlling case law to change the court's previous ruling.

Next, defendants assert that it was "error to determine the privilege was waived in Plaintiffs' September 20, 2013 Opposition."[28] Defendants appear to argue that referencing two client affidavits and quoting their responses to plaintiffs' discovery requests in their opposition to plaintiffs' motion to compel was sufficient to preserve and support all objections initially raised. But as the court stated in its previous order, "Even were the court to indulge defendants and construe the reference to two client affidavits in response to plaintiffs' motion to compel as a reassertion of the attorney-client privilege,

---

[25] *Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.*, No. 05-2433, 2007 WL 1347754, at *5 (D. Kan. May 8, 2007).

[26] *White v. Graceland College for Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1267 (D. Kan. 2008).

[27] ECF doc. 147 at 5.

[28] *Id.* at 7.

defendants failed to meet their burden to support that privilege originally *and* in response to plaintiffs' motion to compel."[29]

Moreover, and perhaps most importantly, defendants have *still* failed to meet their burden to support that privilege by making a clear showing that the privilege applies to their e-mail communications with two former clients. As the court tried to explain to defendants in their previous order, "Not every communication between an attorney and client is privileged; only confidential communications made *for the purpose of seeking or giving legal advice are protected.*"[30] Defendants provide no new information or facts to substantiate their claims of privilege.

Next, defendants argue that it was error for the court to cite to two of its previous decisions because the current dispute was not the subject of those previous orders. The court cited to previous decisions on the issue of privilege to illustrate the history of the case. Defendants have no excuse for failing to provide a sufficient privilege log because the court already has described what is required before withholding documents under Fed. R. Civ. P. 26(b)(5) and warned that "[n]ot providing a privilege log may result in any privilege being waived."[31] The court also has previously explained to defendants that any party objecting to discovery on the grounds of privilege has the burden to establish the privilege.[32]

---

[29] ECF doc. 139 at 4.

[30] *Id.* at 7 (citing *Kannady v. Ball*, No. 12-2742, 2013 WL 1367055, at *5 (D. Kan. Apr. 3, 2013)).

[31] ECF doc. 28 at 4-5.

In contrast to defendants' assertion, the court did not hold that the protective order prohibits defendants from asserting privilege at a later time. The protective order does not preserve the attorney-client privilege as to every document regardless of defendants' conduct. Even if defendants were to "clawback" inadvertently disclosed documents it considers privileged, they would still have the burden to support their assertion of privilege. As demonstrated here, in the absence of the required showing to withhold documents as privileged, defendants would be compelled to produce the responsive documents.

The court finds that the Tenth Circuit's decision in *Peat, Marwick, Mitchell & Co. v. West*,[33] is instructive. There, the defendant attempted to assert claims of privilege through generalized objections in response to a request for production. The response did not identify the documents being withheld under the claimed privilege and no privilege log was provided. The plaintiff filed a motion to compel. In its response, the defendant did not identify the privileged documents nor did it provide a privilege log identifying the documents sought in the particular request for production. The trial court held that "defendants' failure to comply with Rule 34 constitutes a waiver of any objection, and their failure to bring forward facts sufficient to establish their purported claims of privilege and protection renders their objections substantively inadequate."[34] The

---

[32] *Id.* at 5.

[33] 758 F.2d 540, 542 (10th Cir. 1984).

[34] *Id.*

defendant then filed a motion for reconsideration, and for the first time, provided specific information as to the withheld documents. The court denied the motion to reconsider and the defendant filed a petition for writ of mandamus with the Tenth Circuit. The Tenth Circuit denied the petition, stating:

> We cannot say that when the trial court entered its order of May 18, 1984, ordering response to the request for production of documents, that petitioner had shown that the "privilege clearly applied" to the document here in dispute. A party seeking to assert the privilege must make a clear showing that it applies. Failure to do so is not excused because the document is later shown to be one which would have been privileged if a timely showing had been made. Even though it does not seem seriously disputed that the privilege would have attached if the objection had been timely and adequately asserted, that such a showing had not been made when the trial court was called upon to make its ruling defeats the privilege. It is not enough that a document would have been privileged if an adequate and timely showing had been made. The applicability of the privilege turns on the adequacy and timeliness of the showing as well as on the nature of the document.[35]

Here, defendants asserted attorney-client privilege objections in their initial discovery responses. However, they did not re-assert or support the attorney-client privilege in response to plaintiffs' motion to compel. Defendants did not provide a privilege log until *after* they filed a response to plaintiffs' motion to enforce the order compelling the production of documents. Even if defendants' privilege log was timely, which it was not, it failed to satisfy the requirements of Fed. R. Civ. P. 26(b)(5) by sufficiently describing the documents it seeks to protect. In addition, despite the court's detailed description in its order[36] of what is expected to be presented in a privilege log in the District of Kansas, the defendants do not provide any new facts or information to

---

[35] *Id.*

[36] ECF doc. 139 at 5.

support their claims of privilege. Once again, defendants have failed to meet their burden to show that the attorney-client privilege applies to any of the documents they are withholding.

Therefore, defendants' motion for reconsideration is denied. Defendants shall produce all responsive documents in accordance with the court's October 3, 2013 and November 18, 2013 orders regardless of "privilege."

## III. Sanctions

In the November 18, 2013 order (ECF doc. 139), the court ordered defendants to pay plaintiffs for costs and expenses, including attorneys' fees, incurred in connection with filing its motion to enforce the court's order of October 3, 2013 (ECF doc. 132). On November 22, 2013, plaintiffs sent a request for reimbursement of $2,725 to defendants along with an offer to provide back-up documentation. On November 25, 2013, defendants countered with an offer to pay $1,000. The same day, defendants filed the instant motions for reconsideration and for a partial stay. The parties attempted to confer on the amount of the sanction but were unable to reach an agreement by the court's deadline of December 2, 2013.

Plaintiffs assert that "in light of the continuing nature of this dispute, that the amount of fees ordered paid by this Court is now more than the $2,725 that plaintiffs had incurred by November 18, 2013."[37] Therefore, plaintiffs have ceased "negotiations" and ask that the issue of their total fees and expenses be tabled until the end of the Rule 37 dispute.

---

[37] ECF doc. 153 at 2.

Defendants respond that the request for $2,725 sought by plaintiffs is unreasonable.[38] Defendants claim that plaintiffs are seeking monetary sanctions for work not causally related to their alleged sanctionable conduct, including time entries for e-mails among counsel and review of this court's November 18, 2013 order. Defendants also assert that there is no basis to ask for "open-ended continuing sanctions." However, if any sanctions are awarded, defendants state that they should be awarded solely against the party defendants and not their counsel.

The court has reviewed the parties' briefs and the supporting documentation for plaintiffs' time entries. The court finds this amount to be reasonable and supported by sufficient documentation. However, the court declines plaintiffs' request to table the amount of fees until the Rule 37 dispute is resolved. The court also denies plaintiffs' request to consider the sanctions imposed continuing in nature. Instead, defendants are ordered to pay plaintiffs $2,725.

The parties are *strongly* encouraged to communicate and cooperate with each other before involving the court again. It is in the parties' interests to engage in this process cooperatively. The court will not hesitate to impose additional sanctions on anyone who engages in any conduct that causes unnecessary delay or needless increase in the costs of litigation. Specifically, defendants are reminded that further noncompliance with orders of the court or discovery obligations may result in harsher sanctions than those already imposed.

In consideration of the foregoing,

---

[38] ECF doc. 160.

IT IS THEREFORE ORDERED:

1. Defendants' motion for reconsideration **(ECF doc. 146)** is denied.

2. Defendants shall produce all responsive documents by **December 18, 2013.**

3. Defendants shall pay plaintiffs $2725 for the costs and expenses, including attorneys' fees, incurred in connection with filing the motion to enforce. A receipt or certificate of payment shall be filed with this court by **December 18, 2013.**

4. Defendants' motion for a stay pending reconsideration **(ECF doc. 148)** is denied as moot.

IT IS SO ORDERED.

Dated December 11, 2013 at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge
