UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM J. SKEPKEK and
STEVEN M. SMOOT,

                Plaintiffs,

v.                                                Case No. 11-4102-KHV

ROPER & TWARDOWSKY, LLC and
ANGELA ROPER,

                Defendants.

# ORDER

This case involves a contractual dispute concerning an attorney-fee sharing agreement between plaintiffs, William J. Skepnek and Steven M. Smoot, and defendants, Roper & Twardowsky, LLC and Angela Roper. This matter is currently before the undersigned U.S. Magistrate Judge, James P. O'Hara, on plaintiffs' *second* motion to enforce the court's October 3, 2013 discovery order **(ECF doc. 170)**. Specifically, plaintiffs seek to compel defendants to produce missing attachments to e-mails that have already been produced. Defendants oppose plaintiffs' motion, asserting defendants waived their right to object to the form of production. For the reasons discussed below, plaintiffs' motion is granted.

First, defendants argue plaintiffs' motion should be denied because plaintiffs failed to meet and confer with defendants. The Federal Rules of Civil Procedure and this district's local rules require a moving party to confer with opposing counsel about the

discovery dispute before filing a motion. Fed. R. Civ. P. 37(a)(1) requires that a motion to compel include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." This district's local rules expand on the movant's duty to confer, stating that "a 'reasonable effort' to confer means more than mailing or faxing a letter to the opposing party."[1] It requires the parties in good faith to "converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[2]

Here, the parties held a telephone conference and exchanged correspondence aimed at resolving the discovery dispute without judicial intervention. Plaintiffs have made a reasonable effort to confer with defendants regarding the production of attachments to e-mails. Therefore, plaintiffs have satisfied Fed. R. Civ. P. 37(a)(1) and D. Kan. R. 37.2.

In its October 3, 2013 discovery order, the court ordered defendants to produce "all internal communications among defendants … that pertain to Requests for Production Nos. 6, 7, 10 and 11," and "all electronic communications between Angela Roper, Kenneth Thyne or anyone else associated with Roper & Twardowsky, LLC and

---

[1] D. Kan. R. 37.2.

[2] *Id.*

the fifteen individuals listed by defendants in their motion."[3] Plaintiffs contend that defendants failed to produce attachments to the electronic communications they produced. Plaintiffs suggest that if defendants had produced the electronic communications in their native format, rather than PDF format, the attachments would have been with each e-mail. Regardless, plaintiffs assert that the attachments are an indistinguishable part of the communications the court ordered defendants to produce on October 3, 2013, and as such, need to be produced forthwith.

Defendants respond that they have always produced documents, including e-mail communications, in PDF format. Defendants assert that if plaintiffs wanted native format of production then they should have raised that issue at the outset. Therefore, defendants argue plaintiffs waived their right to take issue with the format of their production and furthermore, it would be duplicative and burdensome to comply with plaintiffs' request.

When the parties met and conferred, defendants claimed that the e-mail server search was not capable of producing the attachments to the e-mails and asked that plaintiffs request each specific attachment they seek.[4] It is unclear why defendants claim that it is impossible to include every attachment to the produced e-mails but somehow, they are able to produce specific attachments upon request.

---

[3] ECF doc. 129 at 11-12.

[4] ECF doc. 170 at 2-3.

Defendants also argue plaintiffs did not originally specify that electronic documents should be produced in native format and "to now request at this late juncture is duplicative and burdensome."[5]  It is not duplicative for defendants to produce attachments to e-mails that have not yet been produced.  Furthermore, defendants offer no support for their assertion that producing these attachments would be overly burdensome.

The real issue before the court is not the format of defendants' production.  Rather, plaintiffs seek to compel defendants to produce all attachments to e-mails that defendants have already produced.  Plaintiffs point out that *one* way defendants could do that is by producing the e-mails in their native format.  Plaintiffs do not demand that defendants re-produce all electronic communications in their native format.  Additionally, plaintiffs never suggest that they are opposed to defendants manually extracting the attachments and producing them in PDF format.

Defendants do not have the leisure of picking and choosing what responsive documents to produce.  The court ordered defendants to produce all internal communications among defendants that pertain to Requests for Production Nos. 6, 7, 10 and 11 and all electronic communications between Angela Roper, Kenneth Thyne or anyone else associated with Roper & Twardowsky, LLC and the fifteen individuals listed by defendants in their motion to compel.  To the extent defendants have failed to comply

---

[5] ECF doc. 174 at 3.

O:\ORDERS\11-4102-KHV-170.docx

4

with this court's directive by failing to produce attachments to responsive e-mails, they are ordered to do so.

Plaintiffs ask that the court address under Fed. R. Civ. P. 37(b) defendants' failure to produce documents as instructed in the court's orders of October 3, 2013, and November 18, 2013. Under Rule 37(b), if a party fails to obey an order to provide discovery, the court "*must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[6]

Defendants offer no excuse for their failure to produce responsive documents except that plaintiffs never requested the documents in native format. Plaintiffs simply want the documents that the court ordered defendants to produce, regardless of format. Because plaintiffs failed to specify a form for producing the electronically stored e-mails and attachments, defendants were required under Rule 34(b)(2)(E)(ii) either to produce the e-mails and attachments in the form (1) in which they are ordinarily maintained, or (2) "in a reasonably usable form." Defendants failed to produce the attachments at all. Defendants also failed to show PDF format is the form in which their e-mails and attachments are ordinarily maintained.

---

[6] Fed. R. Civ. P. 37(b)(2)(C).

O:\ORDERS\11-4102-KHV-170.docx

5

Defendants were already specifically warned that "further noncompliance with orders of the court or discovery obligations may result in harsher sanctions, including striking defenses and default judgment."[7] Yet, another motion is before the court for defendants' failure to comply with its discovery obligations. This discovery dispute is an example of one which could have been avoided had the parties adequately conferred at their Fed. R. Civ. P. 26(f) conference regarding production of electronically stored information ("ESI"). Because there is no evidence that defendants purposefully produced e-mails in a format that excluded attachments and since both parties are at fault to some degree for failing to adequately confer early on regarding the production of ESI, the court will not impose any sanctions under Rule 37(b).

IT IS THEREFORE ORDERED:

1. Plaintiffs' second motion to enforce the court's October 3, 2013 order (**ECF doc. 170**) is granted. Defendants shall produce all responsive documents by **February 14, 2014**. Defendants' request that plaintiffs pay for defendants' time in producing the attachments is denied.

IT IS SO ORDERED.

---

[7] ECF doc. 139 at 11.

Dated January 27, 2014, at Kansas City, Kansas.

                                        s/ James P. O'Hara
                                        James P. O'Hara
                                        U. S. Magistrate Judge