UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM J. SKEPKEK and
STEVEN M. SMOOT,

        Plaintiffs,

v.                                          Case No. 11-4102-DDC

ROPER & TWARDOWSKY, LLC and
ANGELA ROPER,

        Defendants.

## ORDER

This case is before the undersigned U.S. Magistrate Judge, James P. O'Hara, on plaintiffs' motion for a protective order (**ECF doc. 201**). Specifically, plaintiffs seek to stay all depositions pending a ruling by the presiding U.S. District Judge, Daniel D. Crabtree, on defendants' motion for review of the undersigned's discovery order concerning the production of certain client e-mails.[1] For the reasons discussed below, plaintiffs' motion is granted in part and denied in part.

---

[1] Defendants' motion for review was filed on December 18, 2013 before the former presiding U.S. District Judge, Kathryn H. Vratil (ECF doc. 166). However, the case recently was re-assigned to Judge Crabtree (ECF doc. 213).

On April 3, 2014, defendants notified plaintiffs that they planned to depose twelve individuals in New Jersey.[2] In light of the then-impending May 9, 2014 discovery deadline, defendants requested to conduct the depositions during the week of April 28, 2014. Plaintiffs opposed the timing of the depositions and asked to postpone them until a ruling on the motion for review. The next day, defendants began filing deposition notices for the week of April 28, 2014 and asked plaintiffs to provide mutually agreeable dates for the depositions. In response, plaintiffs filed the instant motion for a protective order. On or around that same date, plaintiffs also filed a motion for leave to amend their complaint and a motion to disqualify Kenneth S. Thyne as counsel for defendants.[3]

The undersigned held a telephone status on conference on April 24, 2014.[4] During the conference, the court modified the briefing schedule applicable to plaintiffs' three most recent motions[5] and vacated the deadlines for completing discovery and submitting a proposed pretrial order, and indefinitely postponed the final pretrial conference.[6] In accordance with the new briefing schedule, defendants filed their response to plaintiffs'

---

[2] Arthur Talbot, Schubert Jacques, Thomas O'Donnell, Evelyn O'Donnell, Jacqueline McCoy, Dorothy Hatcher, Joseph Ondrof, Calixto Leon, Nosimot Layeni, Steve Atkins, Jose Santos, and Steve Umoru.

[3] ECF docs. 199 and 204.

[4] ECF doc. 206.

[5] ECF docs. 199, 201, and 204.

[6] ECF doc. 206.

motion for a protective order on May 8, 2014.[7] Plaintiffs filed their reply on May 15, 2014.[8]

The decision to enter a protective order is within the court's discretion.[9] Rule 26(c) of the Federal Rules of Civil Procedure provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to show good cause.[10] To establish good cause, that party must submit "a particular and specific demonstration of fact, as distinguished from stereo-typed and conclusory statements."[11] The court is required to limit the extent of discovery if the burden of the proposed discovery "outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."[12]

---

[7] ECF doc 210.

[8] ECF doc. 215.

[9] *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000) (citing *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995)).

[10] *Id.* (citing *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996)).

[11] *Burnett v Western Resources, Inc.*, No. 95-2145, 1996 WL 134830, at *2 (D. Kan. Mar. 21, 1996) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981)).

[12] *Bowers v. Mortg. Elec. Registration Sys., Inc.*, No. 10-4141, 2011 WL 6013092, at *3 (D. Kan. Dec. 2, 2011) (citing Fed. R. Civ. P. 26(b)(2)(C)(iii)).

Originally, plaintiffs opposed defendants' noticed depositions because of: (1) scheduling conflicts; (2) the expense of traveling to New Jersey more than once; and (3) the pending discovery issue.[13] In their motion, plaintiffs ask that the court "give the parties relief from the current scheduling order to allow taking the twelve (12) depositions proposed by Defendants and the additional three (3) by the Plaintiffs, after a decision is made by Judge [Crabtree] on Defendants' pending motion to review."[14]

The pending discovery issue concerns defendants' motion for review of the undersigned's order to produce certain documents.[15] Specifically, defendants failed to produce e-mails from two clients—Thomas O'Donnell and Schubert Jacques—in response to plaintiffs' discovery requests. Plaintiffs assert that it is inappropriate for "Defendants to continue to withhold the files of O'Donnell and Jacques, claiming attorney-client privilege, and then question all of these twelve (12) witnesses about attorney-client communications."[16] Plaintiffs argue this pending discovery issue is crucial and should be resolved before the parties proceed with depositions. Plaintiffs assert that they believe the withheld documents contain communications whereby defendants misled the clients as to the nature and extent of plaintiffs' involvement in the "Prudential litigation"—a key issue according to plaintiffs.

---

[13] *See* ECF doc. 202.

[14] ECF doc. 202 at 4.

[15] *See* ECF doc. 166.

[16] ECF doc. 202 at 2.

Defendants respond that the issue before Judge Crabtree only involves limited e-mails relating to two clients, Thomas O'Donnell and Schubert Jacques, and has nothing to do with the other depositions. Therefore, defendants offer to withdraw the depositions of Mr. O'Donnell and Mr. Jacques to alleviate plaintiffs' concerns. Additionally, defendants offer to bear the cost required to fly plaintiffs' counsel to New Jersey to retake depositions if the "limited withheld emails" have anything to do with plaintiffs' claims in this matter.[17] Given the foregoing, defendants assert plaintiffs' motion for a protective order should be denied. Although the court stayed discovery deadlines pending resolution of the "limited issue before the District Court," defendants argue that they should still be allowed to conduct the depositions of the remaining ten witnesses on dates convenient to the parties.[18]

In their reply brief, plaintiffs concede that "[a] great deal of this issue was rendered moot by the Court when it addressed this matter on April 24, 2014."[19] However, plaintiffs still ask that the court stay all depositions until Judge Crabtree rules on the discovery issue. Plaintiffs argue defendants' response "misses the mark" because: (1) defendants have used this tactic before—plaintiffs have discovered relevant and damaging communications after defendants were compelled to produce those communications; and (2) there is no basis to accept or believe defendants' representations

---

[17] ECF doc. 210 at 3.

[18] *Id.* at 4.

[19] ECF doc. 215 at 1.

that there are no relevant documents among the withheld materials.[20] Therefore, plaintiffs assert that a stay of *all* of the depositions pending a ruling on defendants' motion for review is "logical, practical and fair."[21]

Plaintiffs ask for too much based on too little, i.e., plaintiffs have failed to meet their burden to demonstrate the necessity of a protective order to bar defendants from taking *any* depositions until a ruling on defendants' motion for review. This case commenced almost three years ago.[22] Defendants have withheld the disputed documents for more than six months. Defendants filed their motion for review on December 18, 2013. Since that time, plaintiffs have proceeded with discovery by responding to defendants' requests for production,[23] deposing Kenneth Thyne and Angela Roper,[24] serving a fourth set of document production requests,[25] and designating rebuttal experts.[26] The entire case cannot come to a standstill over "limited emails relating to two clients" that are "<u>unrelated</u> to the current litigation" according to defendants.[27] Although

---

[20] ECF doc. 215 at 1.

[21] *Id.* at 2.

[22] September 8, 2011 (ECF doc. 1).

[23] ECF doc. 176.

[24] ECF docs. 180 and 181.

[25] ECF doc. 193.

[26] ECF doc. 208.

[27] ECF doc. 210.

plaintiffs may be frustrated with the repeated difficulties in obtaining documents from defendants throughout this litigation, that is not enough to justify a stay of all depositions under the current case circumstances. With plaintiffs' concerns in mind, both plaintiffs and defendants are respectfully reminded of their obligations under Rules 11 and 26(g) to ensure their representations concerning discovery are well grounded in fact and law.[28] The parties are warned that failure to fulfill these important duties *will* result in sanctions.

While plaintiffs make legitimate points as to why defendants should not depose Schubert Jacques and Thomas O'Donnell, defendants already have agreed to withdraw the depositions of those two witnesses pending a ruling on their motion for review. Furthermore, plaintiffs' argument regarding the expense of possibly having to re-take these depositions once defendants produce the withheld documents is easily dispelled by defendants' agreement to pay the cost of flying plaintiffs' counsel back to New Jersey.

In consideration of the foregoing,

IT IS THEREFORE ORDERED:

1. Plaintiffs' motion for a protective order **(ECF doc. 201)** is granted in part and denied in part. The parties may proceed with depositions, but the depositions of Schubert Jacques and Thomas O'Donnell are stayed pending a ruling on defendants' motion for review (ECF doc. 166). The parties must confer in good faith to schedule these depositions at a mutually agreeable place, date, and time before sending notice of such

---

[28] *See* Fed. R. Civ. P. 11 and 26(g).

depositions. Any future motion regarding the scheduling of depositions in this case shall be accompanied by a certification describing with particularity the efforts of the parties to resolve the scheduling dispute.

2. Within one week of when Judge Crabtree rules on the motion for review, the parties shall confer and then e-mail to the undersigned's chambers a joint proposed schedule for the close of discovery, a proposed pretrial order deadline, a final pretrial conference setting, and dispositive motion deadline. The existing June 6, 2014 dispositive motion deadline and January 5, 2015 trial setting are vacated but will be reset later.

3. If documents are produced that require plaintiffs' counsel to retake any depositions, the parties are strongly encouraged to confer and reach agreement on the amount of defendants' payment of the cost to fly plaintiffs' counsel back to New Jersey. In the hopefully unlikely event the parties cannot reach an agreement, the parties may involve the court to resolve the dispute. However, it is in the parties' best interest to work together and resolve this dispute without court intervention.

Dated May 29, 2014, at Kansas City, Kansas.

                                                       s/ James P. O'Hara
                                                      James P. O'Hara
                                                      U. S. Magistrate Judge