IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM J. SKEPNEK and
STEVEN M. SMOOT,

      Plaintiffs,

v.

ROPER & TWARDOWSKY, LLC and
ANGELA ROPER,

      Defendants.

Case No. 11-CV-4102-DDC-JPO

## MEMORANDUM AND ORDER

This lawsuit is a dispute over attorney's fees. On May 17, 2014, plaintiffs filed a designation of rebuttal expert (Doc. 208) that said:

> Plaintiffs William Skepnek and Steven Smoot may themselves have opinions to give regarding topics such as, but not limited to: New Jersey practice and procedure, New Jersey Rules of Professional Conduct, civil trial practice, fee-sharing agreements, contingency agreements, retainer agreements, and the damages alleged by Defendants.

Defendants filed this Motion to Strike (Doc. 223), seeking to prevent Skepnek and Smoot from testifying as experts on those topics. The Court concludes that plaintiffs have not met their burden to show that Skepnek and Smoot are qualified to give expert opinions and, therefore, grants defendants' motion.

### A. Legal Standard

The Court has a "gatekeeping obligation" to determine the admissibility of expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993)). In performing this gatekeeping role, the Court has broad discretion when deciding whether to admit expert testimony. *Kieffer v. Weston Land, Inc.*,

90 F.3d 1496, 1498 (10th Cir. 1996).  Federal Rule of Evidence 702 governs the admissibility of expert evidence:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

This Court must apply a two-part test to determine admissibility.  *Conroy v. Vilsack*, 707 F.3d 1163, 1168 (10th Cir. 2013).  First, the Court must determine "whether the expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion." *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (quoting Fed. R. Evid. 702).  Second, the Court "must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony." *United States v. Rodriguez–Felix*, 450 F.3d 1117, 1122 (10th Cir. 2006).  "The proponent of expert testimony bears the burden of showing that the testimony is admissible." *Conroy*, 707 F.3d at 1168 (citing *Nacchio*, 555 F.3d at 1241).

**B. Discussion**

Plaintiffs make no attempt to show that Skepnek and Smoot are "qualified by knowledge, skill, experience, training, or education to render an opinion." *Nacchio*, 555 F.3d at 1241.  Rather, plaintiffs' Opposition to defendants' Motion to Strike (Doc. 229) argues almost exclusively that the Court should not allow one of defendants' designated experts, Angela Roper, to testify about certain matters as an expert.  While plaintiffs' attack on Roper's testimony may

or may not prevail, that dispute is irrelevant to the issue here: whether *plaintiffs'* experts are qualified to testify as experts on the topics plaintiffs disclosed.

Plaintiffs wish to have Skepnek and Smoot testify about New Jersey practice and procedure, New Jersey Rules of Professional Conduct, civil trial practice, fee-sharing agreements, contingency agreements, retainer agreements, and the damages alleged by defendants. However, plaintiffs present no information about Skepnek and Smoot—neither of whom are licensed to practice law in New Jersey—that would enable the Court to assess whether they are qualified to testify about those issues. Thus, plaintiffs have not met their burden to show that Skepnek's and Smoot's expert testimony is admissible, and the Court grants defendants' Motion to Strike. *See Nacchio*, 555 F.3d at 1242 (upholding district court's decision to exclude testimony of the defendant's expert because "the defendant has made no attempt to comply with Rule 702 or *Daubert* . . . .").

The Court amplifies its ruling, however, to emphasize that it does not decide whether a witness must qualify as an expert under Rule 702 to testify about the topics plaintiffs disclosed in their May 7, 2014 designations. Instead, the Court concludes simply that Skepnek and Smoot may not testify about the topics designated to the extent those topics are "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(a).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Strike Expert Designation (Doc. 223) is granted.

**IT IS SO ORDERED.**

**Dated this 6th day of January, 2015, at Topeka, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**