IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM J. SKEPNEK and
STEVEN M. SMOOT,

       Plaintiffs,

v.

ROPER & TWARDOWSKY, LLC and
ANGELA ROPER,

       Defendants.

Case No. 11-CV-4102-DDC-JPO

### MEMORANDUM AND ORDER

    Plaintiffs William J. Skepnek and Steven M. Smoot filed this action on September 8, 2011, seeking to recover attorneys' fees owed them by defendants Roper & Twardowsky, LLC and Angela Roper under an alleged fee sharing agreement. Plaintiffs' Complaint (Doc. 1) requests Topeka, Kansas, as the place of trial. This matter is now before the Court on defendants' Motion to Designate Kansas City, Kansas as Place of Trial (Doc. 294). Defendants assert that trial should take place in Kansas City because airline connections at Kansas City International Airport ("MCI") make travel for defendants and their four to eight witnesses—all from New York or New Jersey—cheaper and more convenient than travel to Topeka. For the reasons explained below, the Court denies defendants' motion.

    "The [C]ourt is not bound by the requests for place of trial" and "[i]t may determine the place of trial upon motion or in its discretion." D. Kan. Rule 40.2(e). Courts in our District evaluate motions requesting an intra-district transfer under the same factors used to decide change of venue motions under 28 U.S.C. § 1404(a). *See United States v. $21,055.00 in U.S. Currency*, No. 08-1273-WEB-DWB, 2010 WL 2044674, at *1 (D. Kan. May 24, 2010); *Lavin v.*

1

*The Lithibar Co.*, No. 01-2174-JWL, 2001 WL 1175096, at *1 n.1 (D. Kan. Sept. 19, 2001) (noting "§ 1404(a) is inapplicable on its face[,]" but that § 1404(c) permits a district court to order "any civil action to be tried at any place within the division" where it is pending).  These factors include:  (a) plaintiffs' choice of forum; (b) convenience of witnesses; (c) accessibility of witnesses and other sources of proof; (d) possibility of obtaining a fair trial; and (e) "all other considerations of a practical nature that make a trial easy, expeditious[,] and economical."  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515-16 (10th Cir. 1991).

The party requesting a transfer under § 1404(a) carries the burden to demonstrate that the current location is inconvenient.  *See Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (citing *Chrysler Credit Corp.*, 928 F.2d at 1515).  But, "'[u]nless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed.'"  *Lavin*, 2001 WL 1175096, at *1 (quoting *Scheidt*, 956 F.2d at 965).  Generally, cases are "not transferred between cities except for the most compelling reasons."  *Bauer v. City of De Soto, Kan.*, No. 04-4027-JAR, 2004 WL 2580790, at *1 (D. Kan. Nov. 3, 2004).

When viewed in light of the § 1404(a) factors, defendants' motion fails to demonstrate that Topeka is an inconvenient location for trial.  The Kansas City courthouse is 17.4 miles from MCI.[1]  The Topeka courthouse is 73 miles from MCI—55.6 miles farther from MCI than the Kansas City courthouse.[2]  A party or witness driving from MCI to Topeka would travel almost entirely on interstate highways.  And, with an appropriate flight schedule, any of defendants' witnesses who wish to fly into and out of MCI on the same day may still do so even if trial is in Topeka.  The convenience of witnesses is only one factor the Court considers under § 1404(a).

---

[1]     Randy McNally, http://maps.randmcnally.com/mileage_calculator?loc[]=1 International Circle, Kansas City, Mo&loc[]=500 State Avenue, Kansas City, KS (last visited Aug. 26, 2015).

[2]     Rand McNally, http://maps.randmcnally.com/mileage_calculator?loc[]=1 International Circle Kansas City, MO 64153&loc[]=444 S.E. Quincy Street, Topeka, KS (last visited Aug. 26, 2015).

Because it should defer to plaintiffs' choice of forum except for compelling reasons, and because defendants have supplied no such reason, the Court denies defendants' motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Designate Kansas City, Kansas as Place of Trial (Doc. 294) is denied.

**IT IS SO ORDERED.**

**Dated this 27th day of August, 2015, at Topeka, Kansas.**

                                                  **s/ Daniel D. Crabtree**
                                                  **Daniel D. Crabtree**
                                                  **United States District Judge**