IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM J. SKEPNEK and
STEVEN M. SMOOT,

        Plaintiffs,

v.

ROPER & TWARDOWSKY, LLC and
ANGELA ROPER,

        Defendants.

Case No. 11-CV-4102-DDC-JPO

**MEMORANDUM AND ORDER**

Plaintiffs initiated this diversity action asserting breach of contract, breach of fiduciary duty, and *quantum meruit* claims stemming from an alleged fee sharing agreement with defendants. Plaintiffs' Complaint (Doc. 1) requested a jury trial "on all issues so triable." In their Answer (Doc. 48), defendants asserted two counterclaims and, like plaintiffs, requested a jury trial on all issues. The Court granted summary judgment against plaintiffs' breach of contract and breach of fiduciary duty claims and against both of defendants' counterclaims. Only plaintiffs' *quantum meruit* claim remains for trial. This matter is before the Court on plaintiffs' Motion to Withdraw Jury Demand (Doc. 306). For the reasons explained below, the Court denies plaintiffs' motion.

**I.    Procedural History**

On August 26, 2015, the parties filed a Joint Motion Regarding the Handling of Confidential Material (Doc. 301). In it, they describe their separate positions on what evidence the Court should declare confidential and how to handle that evidence at trial. The joint motion also includes argument by both parties about whether plaintiffs' claim for *quantum meruit* must

1

be tried to a jury. Despite their initial demand for a jury trial on all issues, plaintiffs now contend there is no right to a trial by jury and the Court must serve as the factfinder of their remaining claim.

The Court directed the parties to submit additional briefing on this issue no later than August 31, 2015. Plaintiffs filed their motion and a supplement to the parties' joint motion (Doc. 305). Defendants did not submit additional papers and, instead, rely on their argument set out in the joint motion.

**II.     The Parties' Positions**

Plaintiffs contend that neither party has the right to a jury trial on their *quantum meruit* claim because it sounds in equity and seeks an equitable remedy. Plaintiffs urge the Court to grant their request to withdraw their jury demand and order a bench trial over defendants' objection. To support their position, plaintiffs point to a number of New Jersey cases in which parties tried a *quantum meruit* action to the court. Plaintiffs assert that the crucial factor in deciding the amount of recovery under *quantum meruit* is their contribution to the clients' cause. And, according to plaintiffs, the Court is "far better able to assess a lawyer's contribution" than a jury. Doc. 305 at 4-5.

Defendants argue that plaintiffs are "simply wrong." Doc. 301 at 10. Defendants contend that they are entitled to a jury trial of plaintiffs' *quantum meruit* claim under New Jersey law. Their view relies on an unpublished decision from the Superior Court of New Jersey, Appellate Division, *Morris v. Greitzer & Locks of N.J., LLC*, No. L-3784-01, 2009 WL 2525452 (N.J. Super. Ct. App. Div. Aug. 20, 2009). There, the state appellate court held that a *quantum meruit* action to recover attorneys' fees is a legal claim, seeks to recover a legal remedy, and is triable to a jury. *See id*. at *18.

**III.     Analysis**

Both parties ask the Court to determine whether a right to a jury trial for *quantum meruit* exists under New Jersey law.  But the Supreme Court has made clear that in diversity actions "the right to a jury trial in the federal courts is to be determined as a matter of *federal* law . . . ." *Simler v. Conner*, 372 U.S. 221, 222 (1963) (emphasis added); *see Elm Ridge Exp. Co., LLC v. Engle*, 721 F.3d 1199, 1221 (10th Cir. 2013).  While "the substantive dimension of the claim asserted [in a diversity case] finds its source in state law, . . . the characterization of that state-created claim as legal or equitable for purposes of [deciding] whether a right to jury trial is indicated must be made by recourse to federal law."  *Simler*, 372 U.S. at 222 (internal citations omitted).

The Seventh Amendment preserves the right to a jury in "suits at common law, where the value in controversy shall exceed twenty dollars."  U.S. Const. amend. VII.  Thus, a constitutional right to a trial by jury attaches to an action involving "'rights and remedies of the sort traditionally enforced in an action at law, rather than an action in equity . . . .'"  *Fischer Imaging Corp. v. Gen. Elec. Co.*, 187 F.3d 1165, 1168 (10th Cir. 1999) (quoting *Pernell v. Southall Realty*, 416 U.S. 363, 375 (1974)).  It is "[t]he nature of the issues presented and the remedies sought [that] determines whether an action qualifies as 'legal'" or equitable.  *J.R. Simplot v. Chevron Pipeline Co.*, 563 F.3d 1102, 1115 (10th Cir. 2009).  So, to determine whether defendants have a right to a jury trial, the Court must decide whether, under federal law, plaintiffs' claim and requested relief are legal or equitable in nature.

Plaintiffs assert that their claim for attorneys' fees in *quantum meruit* is equitable. "Quantum meruit is a form of quasi-contract that enables [a] performing party to recover the reasonable value of [their] services rendered."  *Canadian Nat'l Ry. v. Vertis, Inc.*, 811 F. Supp.

3

2d 1028, 1033 (D.N.J. 2011) (citing *Weichert Co. Realtors v. Ryan*, 608 A.2d 280, 285-86 (N.J. 1992)).  In federal courts, actions in quasi-contract grew out of the common law writ of assumpsit and, therefore, are actions at law.  *See Fischer*, 187 F.3d at 1172 (citing Dan B. Dobbs, Law of Remedies § 4.2(3) (2d ed.); *Austin v. Shalala*, 994 F.2d 1170, 1176-77 (5th Cir. 1993) (holding quasi-contract suit required jury trial because it was a legal action under the common law writ of assumpsit)).  Here, plaintiffs seek to recover the value of legal services performed for defendants in the absence of an enforceable contract.  Federal courts typically submit claims of this type to a jury.  *See Fischer*, 187 F.3d at 1172-73 ("Generally, in quasi-contract actions courts have submitted the question of the value of the goods and services to the jury.") (citations omitted); *see also Raymond, Colesar, Glaspy & Huss, P.C. v. Allied Capital Corp.*, 961 F.2d 489, 493 (4th Cir. 1992) (affirming jury verdict in *quantum meruit*).  Thus, applying federal law, the Court concludes that the nature of plaintiffs' claim is legal.

Next, the Court turns to the relief requested by plaintiffs.  Plaintiffs seek to recover attorneys' fees allegedly owed to them by defendants for services they rendered on behalf of shared clients.  As a general rule, suits for monetary relief are legal.  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 710 (1999) (quoting *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352 (1998)); *see Simler*, 372 U.S. at 223 (holding suit to recover fees client owed lawyer under contingent fee contract was a legal action).  But the Supreme Court has created two exceptions to this rule.  Under those exceptions, courts consider suits for monetary relief equitable actions where:  (1) the requested relief is "incidental to or intertwined with injunctive relief"; or (2) the relief sought is restitutionary.  *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 571-72 (1990) (quoting *Tull v. United States*, 481 U.S. 412, 423-24 (1987)).

Plaintiffs' claim satisfies neither exception. The first exception cannot apply because neither party has requested injunctive relief. And the second exception does not apply because plaintiffs' requested remedy is not restitutionary because it does not seek to restore plaintiffs to the position that they occupied before working with defendants. *See* Restatement (Third) of Restitution § 1 cmt. e(1) (2010) ("Restitution restores something to someone, or restores someone to a previous position."). Instead, an award of *quantum meruit* damages here would compensate plaintiffs for legal services they claimed they performed—a net benefit over their previous position.

Indeed, the New Jersey federal court squarely has held that *quantum meruit* claims asserted under New Jersey law pursue legal relief. *See Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 473 n.63 (D.N.J. 1999) ("[A]lthough quantum meruit is based on equitable principles, quantum meruit is a legal remedy.") (citing *Kopin v. Orange Prods., Inc.*, 688 A.2d 130, 140 (N.J. Super. App. Div. 1997)); *see also Baer v. Chase*, No. Civ.A.02-2334, 2005 WL 1106487, at *7 (D.N.J. Apr. 29, 2005) ("*Quasi-contract* or *quantum meruit*, . . . is actually a legal remedy, albeit one based on equitable principles.") (quotation omitted), *rev'd on other grounds*, 177 F. App'x 261 (3d Cir. 2006). These authorities lead the Court to conclude that plaintiffs' requested relief is legal in nature, not equitable.

For the reasons discussed above, the Court finds that plaintiffs' *quantum meruit* claim is an action at law and seeks legal relief. It is therefore triable to a jury. *See* U.S. Const. amend VII; *Fischer*, 187 F.3d at 1168. By rule, plaintiffs, having made a proper jury demand, may not withdraw their jury demand without defendants' consent. *See* Fed. R. Civ. P. 38(d) ("A proper [jury] demand may be withdrawn only if the parties consent."); *Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, 295 F. App'x 885, 891 (10th Cir. 2008) ("As the district court held,

[plaintiff] had no right to withdraw the jury demand unilaterally."). Nor can the Court order a bench trial of plaintiffs' claim over defendants' objection. *See* Fed. R. Civ. P. 39(a) ("A trial on all issues so demanded must be by jury unless" the parties agree to a nonjury trial or the court determines that "there is no federal right to a jury trial."). Having decided that such a federal right exists, the Court thus denies plaintiffs' motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Motion to Withdraw Jury Demand (Doc. 306) is denied.

**IT IS SO ORDERED.**

**Dated this 4th day of September, 2015, at Topeka, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**