IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM J. SKEPNEK and
STEVEN M. SMOOT,

       Plaintiffs,

v.

ROPER & TWARDOWSKY, LLC,

       Defendant.

Case No. 11-CV-4102-DDC

### MEMORANDUM AND ORDER

       This matter is before the Court on defendant Roper & Twardowsky, LLC's Motion for a Stay of Execution (Doc. 363). On October 16, 2015, a jury returned a verdict for plaintiffs William J. Skepnek and Steven M. Smoot in the amount of $2,250,000. The Court promptly entered judgment based on this verdict. Defendant now asks the Court to enter an order staying execution on the judgment pending resolution of defendant's post-trial motions and plaintiff's motion to intervene in an action for legal fees in New Jersey state court. For the reasons explained below, the Court denies defendant's motion without prejudice.

       The Court may stay execution of a judgment pending resolution of post-trial motions under Fed. R. Civ. P. 62(b). That rule provides, "[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of" certain post-trial motions. Fed. R. Civ. P. 62(b). To secure an opposing party, the Court may stay the judgement upon its approval of a supersedeas bond posted by defendant under Rule 62(d). "The bond secures the judgment against insolvency of the judgment

debtor and is usually the full amount of the judgment, though the district court has discretion in setting the amount." *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006).

Defendant asks the Court to grant a stay under Rule 62(b) without requiring it to post a supersedeas bond. Defendant asserts that it "has the financial wherewithal and there is no risk to plaintiffs that defendant would become insolvent" while the Court resolves defendant's post-trial motions. Doc. 364 at 4. Defendant contends that its only liquid asset is a claim to over $5 million in legal fees currently held in escrow as part of a pending litigation in New Jersey state court. Because plaintiffs have filed a motion to intervene in that case, defendant contends that plaintiffs' judgment is secured adequately. The Court disagrees.

Defendant has failed to provide a persuasive reason for the Court to order a stay of execution without requiring defendant to post a supersedeas bond. As defendant has acknowledged, a "district court may only stay execution of the judgment pending the disposition of certain post-trial motions or appeal if the court provides for the security of the judgment creditor." *Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996). Here, defendant's claim to escrowed legal fees in New Jersey is not an asset capable of securing plaintiffs' judgment adequately. Several other law firms contest defendant's claim to the fees in the New Jersey litigation. And, the Court cannot predict whether the state court will permit plaintiffs to intervene in that action, award defendant fees that could satisfy plaintiffs' judgment, or allocate plaintiffs a share of defendant's award. The Court thus denies defendant's motion without prejudice. If defendant wishes to post a supersedeas bond in the full amount of plaintiffs' judgment under Rule 62(d), it may refile its motion and submit the requisite bond.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion for Stay of Execution (Doc. 363) is denied without prejudice.

3

**IT IS SO ORDERED.**

**Dated this 5th day of November, 2015, at Topeka, Kansas.**

                                            **s/ Daniel D. Crabtree**
                                            **Daniel D. Crabtree**
                                            **United States District Judge**