UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM J. SKEPKEK and
STEVEN M. SMOOT,

                Plaintiffs,

v.                                        Case No. 11-4102-DDC

ROPER & TWARDOWSKY, LLC,

                Defendant.

## ORDER IN AID OF EXECUTION

On October 16, 2015, following a jury trial, the presiding U.S. District Judge, Daniel D. Crabtree, entered a $2.25 million judgment in favor of the plaintiffs, William J. Skepnek and Steven M. Smoot, and against defendant Roper & Twardowsky, LLC (ECF doc. 362). On November 5, 2015, Judge Crabtree denied defendant's motion for a stay of execution until such time that a supersedeas bond is posted under Fed. R. Civ. P. 62(d) (ECF doc. 371). Pursuant to Fed. R. Civ. P. 69 and K.S.A. 60-2419, the case is now before the undersigned U.S. Magistrate Judge, James P. O'Hara, on plaintiffs' motion for an order in aid of execution, specifically, for a debtor's examination (ECF doc. 366). The motion has been fully briefed (ECF docs. 366, 379, and 381). Defendant asserts its only assets are two lawsuits. But defendant has not asserted any objections to the 55 categories of documents requested by plaintiffs. In any event, the court deems all objections waived at this point.

On November 2, 2015, defendant filed a motion for a new trial or, alternatively, judgment as a matter of law or remittitur (*see* ECF doc. 372).  Yet, as of this date, no supersedeas bond has been posted.  For essentially the same reasons noted by Judge Crabtree when he declined to grant a stay of execution, the undersigned now finds that plaintiffs are entitled to the requested examination.  But the undersigned finds that the scope of documents as requested by plaintiffs is facially over broad.  Therefore, the description of the documents called for by the debtor's examination have been re-framed below.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

a.   Plaintiffs' motion for an order in aid of execution is granted in part and denied in part.

b.   Defendant, by and through a competent and knowledgeable representative, must appear in person before the undersigned judge on **December 8, 2015, at 9:00 a.m. in Courtroom 223 in Kansas City, Kansas,** to answer questions under oath concerning the existence and location of property that may be subject to execution to satisfy plaintiffs' judgment.  The court has duly considered but is wholly unpersuaded by defendant's suggestion that the examination be conducted in New Jersey or, alternatively, by telephone.  Simply put, defendant has not established that undue burden or hardship would result from requiring a personal appearance in the District of Kansas.

c.   By **December 3, 2015**, to the extent the documents were created during the years 2011-2015 and are still in defendant's possession, custody, or control, defendant

must make available and produce, at defendant's expense, complete and unredacted copies of the following documents, and hand-deliver them to plaintiffs' counsel at the latter's office in Wichita, Kansas:

(1) All federal, state, and local income tax returns filed by defendant, including all schedules or other documents attached to such returns.

(2) All deeds, certificates of title, assignments, or similar documents that relate to real property, personal property, motor vehicles, equipment, fixtures, and intangibles acquired or transferred by defendant.

(3) All statements received by defendant that relate to bank, credit union, or other financial institution accounts in which defendant has had an interest.

(4) All balance sheets, income and expense statements, and similar financial statements prepared by or on behalf of defendant.

(5) All documents that refer to the names and addresses of persons or entities to whom defendant has given any kind of financial statement.

(6) All documents that refer to the names and addresses of persons who have served as bookkeepers or financial advisers for defendant.

(7) All mortgages, liens, or other encumbrances on any real or personal property in which defendant now claims an interest.

(8) All documents that constitute or refer to the appraisal of any property prepared for defendant or that otherwise reflect the value of any property in which defendant has had or now has an interest.

(9)     All documents that evidence or refer to the amount of money now owed to defendant by any person or entity.

(10)    All documents that refer to any legal cause of action, either real or anticipated, by or against defendant.

(11)    All documents that refer to the anticipated amount of recovery in any legal cause of action, either real or anticipated, by defendant.

(12)    All documents that refer to any cash on hand for defendant.

(13)    All documents that refer to any accounts payable owed by defendant.

(14)    All documents that constitute or refer to any accounts receivable owed to defendant.

(15)    All documents that constitute or refer to any notes receivable held by defendant, or in which defendant claims an interest.

(16)    All documents that refer to any shares of stock or bonds owned by defendant, or in which defendant claims an interest.

(17)    All documents that refer to any interest defendant may have in any corporation, partnership, joint venture, or other business.

(18)    All documents that refer to any assets held in trust, in an estate, or in any other name or capacity in which defendant claims or has an interest.

(19)    All documents that refer to assets that secure any debt for which defendant is liable.

(20)    All documents that refer to defendant's obligations to pay the leases, notes, or other debts of any other person or entity.

(21) All documents that refer to any unsatisfied judgment against defendant or for which defendant is liable.

(22) All documents that refer to any filing in bankruptcy by defendant.

(23) All documents that refer to any assignment by defendant for the benefit of creditors.

(24) All documents that refer to any royalties payable to defendant or in which defendant claims an interest.

(25) All documents that refer to any outstanding contracts for which defendant is entitled to receive a fee or commission or on which defendant claims a right to receive a fee or commission, whether a partial fee or commission or a complete fee or commission.

(26) All documents that evidence safe-deposit boxes, lock boxes, and storage facilities of any kind to which defendant has access or control.

(27) All check stubs and canceled checks for accounts in which defendant claims an interest.

(28) All documents that evidence any trusts and the assets contained therein for trusts of which defendant is a grantor, beneficiary, or trustee.

(29) All documents that refer to salaries, commissions, bonuses, income from employment, allowances, expenses, or any other amounts of money paid to or by defendant.

(30) All documents that to businesses in which defendant, Roper & Thyne, LLC, Angela Roper, or Kenneth Thyne is a partner, officer, member, or principal owner.

(31) All corporate documents for Roper & Twardowsky, LLC, and for Roper & Thyne, LLC.

(32) All documents that refer to disbursements or receipts from the Qualified Settlement Fund ("QSF") relating to *In Re: Prudential Life Insurance Company of America Tort Litigation* ("the Prudential Litigation").

(33) All documents that refer to disbursements to Angela Roper, Kenneth Thyne, Roper & Thyne, LLC, or any company or corporation or individual, from monies obtained by defendant, or attorney fees, or expenses paid from or by the QSF relating to the Prudential Litigation.

(34) All documents that refer to expenses charged to clients whose claims were resolved in the Prudential Litigation.

Dated November 24, 2015, at Kansas City, Kansas.

       s/ James P. O'Hara
       James P. O'Hara
       U.S. Magistrate Judge